INDUSTRIAL PRESS v. W. R. C. SMITH PUB. CO.

(Circuit Court of Appeals, Fifth Circuit. November 10, 1908.)

No. 1,870.

TRADE-MARKS AND TRADE-NAMES (§ 92*) — SUIT FOR UNFAIR COMPETITION — PLEADING—"CALCULATED TO DECEIVE."

A bill for unfair competition in trade by the use by defendant of a name for a periodical similar to one used by complainant must clearly allege that it was so used with intent to deceive the public or patrons, and an allegation that it was "calculated to deceive" is insufficient.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Dec. Dig. § 92.*

Unfair competition in use of trade-name, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

Appeal from the Circuit Court of the United States for the Northern District of Georgia.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The following is the opinion of the Circuit Court, by NEWMAN, District Judge:

The complaint does not, in my judgment, make by its bill, or by the trade-mark exhibited, a case of technical trade-mark.

Complainant may have a case for unfair business competition. The only language in the bill on this subject, however, seems to be insufficient. It is clear that the name "Southern Machinery" used by the defendant company, in order to make a case, must have been used with intent to deceive the public and those who would be likely to patronize it. The only language in the bill tending in this direction is the following expression:

"And your orator complains that the use by the defendant of the title 'Southern Machinery' is calculated to deceive the public into the belief that the periodical so entitled 'Southern Machinery' is another special edition of your orator's periodical 'Machinery.'"

"Calculated to deceive" does not mean or include intent to deceive. There should be a clear averment that the name is used with intent to deceive in the respects claimed in the bill.

Complainant's counsel has requested permission, if the court should believe the language insufficient, to amend the bill in this respect. If the complainant shall, within 10 days, amend its bill so as to meet the objection stated, the demurrer will be overruled; otherwise the demurrer will be sustained.

Burton Smith, for appellant.

J. Carroll Payne and Winfield P. Jones, for appellee.

Before PARDEE and SHELBY, Circuit Judges, and BURNS, District Judge.

PER CURIAM.   We concur in the reasoning and conclusion of the judge a quo, and therefore the decree of the Circuit Court is affirmed.